NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 6 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MOONBUG ENTERTAINMENT LIMITED; TREASURE STUDIO, INC., <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> BABYBUS CO., LTD.; BABYBUS (FUJIAN) NETWORK TECHNOLOGY CO., LTD, <br><br> Defendants - Appellants. | No. 24-3748; 24-6757 <br><br> D.C. No. 3:21-cv-06536-EMC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted September 17, 2025
San Francisco, California

Before: HAMILTON, R. NELSON, and BUMATAY, Circuit Judges.[**]

BabyBus Co. Ltd. and BabyBus (Fujian) Network Technology Co., Ltd.

(collectively, Appellants) appeal the district court's final judgment for Moonbug

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable David F. Hamilton, United States Circuit Judge for the Court of Appeals, 7th Circuit, sitting by designation.

Entertainment Limited and Treasure Studio, Inc. (collectively, Appellees) after a jury trial, challenging the district court's jury instructions and verdict form. Appellants also challenge the district court's decision granting partial summary judgment to Moonbug on the copyrightability of the JJ character. The district court had jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), and we have jurisdiction under 28 U.S.C. § 1291. We affirm the district court.

"We review de novo whether a district court's jury instructions accurately state the law, and we review for abuse of discretion a district court's formulation of jury instructions." *Hung Lam v. City of San Jose*, 869 F.3d 1077, 1085 (9th Cir. 2017). Instructional error does not require reversal if "the error is more probably than not harmless." *Swinton v. Potomac Corp.*, 270 F.3d 794, 805 (9th Cir. 2001) (cleaned up). The grant of summary judgment is reviewed de novo. *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 982 (9th Cir. 2017).

1. The district court properly instructed the jury on filtering. The jury instructions "adequately distinguish[ed]" between protected and unprotected elements of the CoComelon works by listing the kinds of components that are not entitled to copyright protection. *See Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F.2d 197, 207–08 (9th Cir. 1989). This court has never required district courts to identify for the jury specific, unprotected elements in the allegedly infringed work. Appellants agreed with this very proposition in proposed jury instructions submitted

2                                                                                          24-3748

before trial. The district court did not err by listing categories of protected and unprotected material and then tasking the jury with determining which case-specific elements corresponded to those categories based on testimony elicited at trial. *See Harper House*, 889 F.2d at 208.

There was also no error in the district court's guidance on *scenes a faire*, merger, and thick/thin protection. The district court's instructions on *scenes a faire* gave adequate guidance and tracked existing case law. *See Swirsky v. Carey*, 376 F.3d 841, 850 (9th Cir. 2004). Appellants preferred slightly different language, but a district court "need not incorporate every proposition of law suggested by counsel so long as [it] adequately covers the principles necessary for jury guidance." *Van Cleef v. Aeroflex Corp.*, 657 F.2d 1094, 1099 (9th Cir. 1981).

Likewise, the district court did not abuse its discretion when it forwent a merger instruction based on insufficient evidence. The district court determined that the instruction would be redundant with other instructions explaining which elements are unprotected. Even if Appellants were correct that the merger doctrine should apply because there are a "limited number of ways" to express the idea of a "cartoon baby in a happy family brushing their teeth," any such error would have been harmless. *See Swinton*, 270 F.3d at 805.

The district court also did not err by finding thick protection and applying the substantial similarity standard. Even if some visual elements are inherent in the

genre of animated babies, there is still a wide range of possible creative expression. In any case, the jury found that JoJo was "not only substantially similar[] but also virtually identical" to JJ. In other words, the jury also found illicit copying under the thin-protection standard Appellants would have preferred. So even if the district court had erred in finding broad protection, the error would have been harmless.

2. There was no error in the district court's selection and arrangement instruction. Even if we assumed Appellants were correct that filtering is always required in cases such as this one, the district court's instructions provided adequate filtering guidance by distinguishing between the kinds of elements that are typically protected versus those that are not. *See Harper House*, 889 F.2d at 208 (finding error where the district court failed to instruct the jury on general categories of unprotected elements, like "blank forms" and "utilitarian aspects of useful items"). Contrary to Appellants' assertions, Appellees presented sufficient evidence on how individual unprotected elements were "particularly selected and arranged" to warrant the instruction. *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1075 (9th Cir. 2020) (en banc).

3. The district court did not improperly grant partial summary judgment to Appellees on the copyrightability of the JJ character. JJ has several unique characteristics that, when viewed in combination, render him "especially distinctive." *See DC Comics v. Towle*, 802 F.3d 1012, 1019 (9th Cir. 2015). The

best example is his signature "Wow!" gesture, but his clothing, physical features, character traits, and unique popularity also render him "especially distinctive." There is no genuine dispute of material fact that JJ is an especially distinctive character.

4. The district court did not abuse its discretion in formulating the verdict form. The form did not request individual findings for each video accused of infringement. But "the key is not the number of questions on the verdict form, but whether the jury announces the ultimate legal result of each claim." *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1031 (9th Cir. 2003). That standard is satisfied.

The jury concluded (1) that Appellants willfully infringed the registered copyright in JJ's visual rendering, and (2) that JoJo is "virtually identical" to JJ, and each of Appellants' 368 Super JoJo videos focuses on JoJo as the main character. From the verdict form, the jury found that each Super JoJo video willfully infringed at least one of Appellees' registered copyrights. The district court acted within its discretion in crafting a verdict form that avoided the need for individual findings on each of 368 videos accused of infringing the CoComelon copyrights.

**AFFIRMED.**

24-3748